UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HECTOR EDUARDO CASTEJON, (A#244-692-893),

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

No. 1:26-cv-06685-DC-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I. Factual and Procedural History**

Petitioner is a native and citizen of Honduras who entered the United States on August 31, 2024 and was paroled into the country by Customs and Border Protection. ECF No. 5-1 (I-213 Form). He was issued a Notice to Appear ("NTA") in immigration court on the same day charging him as being removable pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act for not possessing a valid entry document at the time of admission. ECF No. 5-3. He filed an application for asylum on or about March 27, 2026. ECF No. 1 at 27. He was granted employment authorization that was valid until August 30, 2026. ECF No. 1 at 10.

On June 17, 2026, Petitioner was charged with Driving with a Suspended or Revoked

License in the State of Florida. ECF No. 5-2 at 2-3 (I-213). Immigration and Customs Enforcement redetained him on June 23, 2026 and transferred him to the California City Detention Facility located in this judicial district. ECF No. 5-4.

Petitioner filed the pending § 2241 application on August 10, 2026 raising a due process challenge to his immigration detention without a bond hearing. ECF No. 1. Respondent filed an answer asserting that Petitioner is mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2) under the entry fiction doctrine which "permits Congress to treat certain physically present [noncitizens] like those awaiting inspection or parole for admission processing as legally remaining at the threshold of entry." ECF No. 5 at 3. Thus, according to Respondent, "there is neither a statutory nor due process violation in this case." Id.

## II. Analysis

Respondent's argument as to the application of 8 U.S.C. § 1225(b)(2) is not persuasive enough to ignore the pre-existing case law issued by this Court finding that § 1226(a) is the applicable detention statute under these circumstances. See Selis Tinoco v. Noem, 818 F.Supp.3d 1141, 1151 (E.D. Cal. 2025); Labrador-Prato v. Noem, 818 F.Supp.3d 1113, 1120 (E.D. Cal. 2025). Moreover, the undisputed record in this case demonstrates that Petitioner was released by ICE premised upon either an explicit or implicit finding that he was not a danger or a flight risk. Consistent with this Court's rulings in Selis Tinoco, 818 F.Supp.3d 1141(granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); Labrador-Prato, 818 F.Supp.3d 1113 (same); D.L.C. v. Wofford, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026), Petitioner had a Fifth Amendment due process right to a pre-deprivation hearing before he was re-detained.

Petitioner's arrest for a minor traffic offense should not be considered a material change in circumstance that warrants re-detention. However, to the extent Petitioner's arrest could constitute a materially changed circumstance "that would warrant detention ... due process requires that assertion be tested at a hearing that meets constitutional requirements." Ortega v. Noem, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914, at *2 (E.D. Cal. Dec. 8, 2025). The undersigned further finds that the remedy for the constitutional violation in this case is

Petitioner's immediate release from immigration detention. See Arzate v. Andrews, No. 1:25-cv-00942-KES-SKO (HC), 2025 WL 2230521, at *7 (E.D. Cal. Aug. 4, 2025), converted to preliminary injunction sub nom, 2025 WL 2411010, at *1 (E.D. Cal. Aug. 20, 2025) (ordering immediate release for non-citizen who was re-detained absent a predeprivation hearing despite a misdemeanor arrest while on previous release).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2. Respondent be ordered to immediately release Petitioner HECTOR EDUARDO CASTEJON (A#244-692-893), based on the same conditions he was subject to immediately prior to his detention on June 23, 2026. Respondent shall not impose any additional restrictions on him unless they are determined to be necessary at a future pre-deprivation/custody hearing.

3. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered.

4. The Clerk of Court be directed to serve the California City Detention Facility with a copy of any order of release issued in this case.

5. The final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk of Court be directed to enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 10, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE