UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR EDUARDO CASTEJON (A-244-692-893),<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-06685-DC-SCR (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS</u><br><br>(Doc. No. 6) |

Petitioner, a federal immigration detainee proceeding pro se, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 10, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (Doc. No. 6.) After the magistrate judge court granted an extension of time for the objection period, on September 16, 2026, Respondents filed objections to the findings and recommendations. (Doc. No. 11.) Respondents reaffirm the arguments made in their answer to the petition, and further assert that if granted, any relief beyond a post-deprivation custody redetermination hearing is improper as there is no statutory or due process basis for doing so. However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases.

Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections provide no basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 10, 2026 (Doc. No. 6), are ADOPTED;
2. Petitioner Hector Eduardo Castejon's[1] (A-244-692-893) petition for a Writ of Habeas Corpus (Doc. No. 1) is GRANTED, as follows;
    a. Petitioner shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to his detention in June 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-

[1] Petitioner is also known as Hector Eduardo Castejon Salgado. (Doc. No. 5-2.)

deprivation/custody hearing;

b. Respondents shall RETURN all of Petitioner's documents and possessions upon his release from custody;

c. Within three (3) days of the date of entry of this order, Respondents are ORDERED to file a notice of compliance with this court confirming that the Petitioner has been released from custody;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **September 18, 2026**

Dena Coggins
United States District Judge